**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4203**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

OMAR LEE ROBINSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00364-TDS-2)

Submitted:  October 29, 2018               Decided:  November 5, 2018

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, K.P. Kennedy Gates, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Lee Robinson pled guilty, pursuant to a plea agreement, to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012). The district court sentenced Robinson to 58 months' imprisonment. Robinson appeals, arguing that the sentence is procedurally and substantively unreasonable. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. *Id.* at 51. Procedural errors include improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, choosing a sentence based on clearly erroneous facts, or failing to sufficiently explain the chosen sentence. *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). Only if the sentence is free of "significant procedural error" do we review the substantive reasonableness of the sentence, under a "totality of the circumstances" standard. *Gall*, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable, a presumption rebutted only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Robinson argues that the sentence is procedurally unreasonable because the district court did not offer sufficient explanation for the chosen sentence and that the sentence is substantively unreasonable because a lesser sentence is sufficient to accomplish the goals set forth in 18 U.S.C. § 3553(a). The district court accounted for

2

several relevant sentencing factors, noting that the crime was serious, involved a dangerous weapon, and could have resulted in bodily harm or death. The court stated that the sentence imposed must reflect the seriousness of the offense, provide just punishment, protect the public, and deter Robinson from future violent crimes, particularly given Robinson's use of a dangerous weapon during the instant offense and in previous offenses. In addition to those factors, the district court considered Robinson's mental health issues, age, lack of education, and upbringing. We conclude that the court's sentencing explanation was adequate, and that Robinson fails to overcome the presumption of reasonableness that is afforded his within-Guidelines-range sentence. *Vinson*, 852 F.3d at 357-58.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*